# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**YVONNE ARAGON,**
    Plaintiff,

v.                                                                                          Civ. No. 04-1286 BB/WDS

**NEW MEXICO STATE DEPARTMENT OF
TRANSPORTATION and SEVERIANO
SISNEROS, in his individual capacity**,
    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Severiano Sisneros' Motion to Dismiss and for Summary Judgment on Count II of Plaintiff's Complaint (Doc. 13). The Court, having thoroughly considered the briefs of counsel and being otherwise advised, finds that the motion will be granted in part and denied without prejudice in part.

Plaintiff Yvonne Aragon ("Plaintiff") seeks damages for alleged discrimination and retaliation by Defendants. Count II of her complaint, the subject of Defendant Sisneros' ("Defendant") challenge, asserts a claim for violation of the constitutional right to freedom of speech, under 42 U.S.C. §1983. Defendant has moved to dismiss that count, arguing that the complaint alleges only retaliation for "perceived" speech (speech the Defendant thought Plaintiff engaged in, even though

she did not do so), and that a cause of action for perceived speech is not viable.  See Wasson v. Sonoma County Junior College, 203 F.3d 659, 663 (9th Cir. 2000); Jones v. Collins, 132 F.3d 1048, 1053-54 (5th Cir. 1998); Fogarty v. Boles, 121 F.3d 886 (3rd Cir. 1997); Barkoo v. Melby, 901 F.2d 613 (7th Cir. 1990).

In response to Defendant's argument and the authorities cited above, Plaintiff abandoned any claim based on perceived speech, but contends that she was retaliated against due to actual protected speech, consisting of her complaints about discrimination against other women in the department as well as herself.  Then, in Defendant's reply brief, he asserted there were no facts to support Plaintiff's "new" First Amendment claim, and attached portions of Plaintiff's deposition testimony in support of that assertion. He also contended that an amendment of Plaintiff's complaint would be necessary to raise the "new" claim raised by Plaintiff.

It appears what has happened here is that Defendant moved to dismiss Count II on the pleadings, relying solely on the allegations in the complaint.  After Plaintiff responded to that motion, Defendant then moved for summary judgment on Count II, relying on evidentiary material outside the complaint itself.  Due to this procedural posture, Plaintiff has not had an opportunity to rebut Defendant's argument and the evidence attached in support of that argument.  For that reason, the Court will not rely on the new material submitted with the reply brief, and will

deny Defendant's motion at this time.  See Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply.").  Defendant remains free to raise his argument again, should the evidence presented at trial not support Plaintiff's First Amendment claim.[1]

As to Defendant's argument that an amendment of the complaint is needed to allow Plaintiff to litigate her "new" First Amendment claim, the Court disagrees.  It is true that Count II of Plaintiff's complaint specified only the perceived speech as a basis for her free-speech claim.  However, the Court must read the complaint as a whole, and in a liberal manner.   At this stage of the litigation, the Court must accept all well-pleaded allegations in the complaint as true, and determine whether no relief could be granted under any set of facts that could be proved consistent with the allegations.  See MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002). In paragraph 10 of the complaint, Plaintiff alleged that Defendant treated other females, besides herself, in a discriminatory manner.  In paragraph 21, she alleged that Defendant's retaliation against her was due, in part, to her opposition to

---

[1] The Court has considered the option of allowing Plaintiff to file a surreply brief addressing the new material submitted by Defendant.  However, because the trial is scheduled for next month, the case will go to trial on Count I in any event, and Defendant's deposition either remains to be taken or has only recently been taken, the Court will not add any new time-consuming tasks to counsel's trial preparations.

"departmental discrimination." These two allegations sufficiently allege that Defendant retaliated against Plaintiff for her protected speech opposing acts of discrimination against employees other than herself. Such allegations are adequate to state a claim for violation of the First Amendment. See, e.g., Patrick v. Miller, 953 F.2d 1240, 1247 (10th Cir. 1992).

Based on the foregoing, the Court will deny without prejudice the motion to dismiss or for summary judgment, except to the extent the motion is addressed toward Plaintiff's "perceived speech" First Amendment claim. That aspect of the free-speech claim will be dismissed with prejudice.

## ORDER

A Memorandum Opinion having been filed this date, it is hereby ORDERED that Defendant's motion to dismiss and for summary judgment on Count II of Plaintiff's complaint be, and hereby is, granted in part and denied without prejudice in part.

DATED at Albuquerque this 24th day of January, 2006.

                                                                                    _____
                                                                                    BRUCE D. BLACK
                                                                                    UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Defendants**
Peter J. Gould
Mark Basham

**For Plaintiff**
Eric Sirotkin